IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 26-cv-00392-PAB

LUIS GABRIEL-MORALES,

      Petitioner,

v.

PAMELA BONDI, in her official capacity as U.S. Attorney General,
KRISTI NOEM, Secretary of the United States Department of Homeland Security,
U.S. DEPARTMENT OF HOMELAND SECURITY,
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,
FIELD OFFICE DIRECTOR, Denver CO Sub-Office, U.S. Immigration and Customs Enforcement, and
ASSISTANT FIELD OFFICE DIRECTOR, Denver CO Sub-Office, U.S. Immigration and Customs Enforcement,

      Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Luis Gabriel-Morales's Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief [Docket No. 1]. Respondents filed a response. Docket No. 10.[1]

## I. BACKGROUND[2]

Petitioner is a native and citizen of Mexico. Docket No. 1 at 8, ¶ 33. Petitioner initially entered the United States without inspection in 2023. *Id.*, ¶ 34. He entered the

---

[1] Respondents dispute that the named non-individual respondents – the U.S. Department of Homeland Security and the Executive Office for Immigration Review – are not properly named in a habeas petition. Docket No. 10 at 1 n.1. The Court agrees and will grant the habeas petition as brought against the individual respondents.

[2] The following facts are taken from the petition. Docket No. 1. Respondents have not disputed any facts and do not provide any facts of their own. *See generally* Docket No. 10.

United States on or around October 30, 2023 and approached U.S. Border Patrol shortly after entry.  *Id.* at 2, ¶ 2.  Immigration officials released petitioner on his own recognizance on November 1, 2023.  *Id.*, ¶ 3.  Petitioner has been re-detained by U.S. Immigration and Customs Enforcement ("ICE") since December 9, 2025 without a bond hearing.  *Id.*, ¶ 4.  Petitioner is currently in removal proceedings.  *Id.*, ¶ 5.  The Department of Homeland Security has not provided petitioner a bond hearing or parole redetermination.  *Id.*, ¶ 6.

On February 1, 2026, petitioner filed a Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief.  *See generally id.* Petitioner brings claims that respondents are detaining petitioner in violation of his Fifth Amendment Due Process Rights (Count I), that respondents are detaining petitioner in violation of the Administrative Procedure Act, 5 U.S.C.§ 706(2) (Count II), and that respondents jail petitioner in violation of 8 U.S.C. § 1226(a) (Count III).  *Id.* at 14-16, ¶¶ 58-71.

Petitioner asks the Court to issue a writ of habeas corpus declaring that the statutory basis for his detention is 8 U.S.C. § 1226(a) and requiring respondents to provide him with a bond hearing conducted either by the Court or by an immigration judge.  *Id.* at 16-17.  Petitioner also asks the Court to award attorneys' fees and to enjoin his transfer outside the jurisdiction of the District of Colorado.  *Id.* at 17.

## II.  ANALYSIS

The parties disagree on whether petitioner's detention is governed by 8 U.S.C. § 1226 or 8 U.S.C. § 1225.  *Id.* at 8-14; Docket No. 10 at 1-4.  Petitioner contends that his detention should be controlled by 8 U.S.C. § 1226(a) because § 1226(a) applies to the detention of "people who face charges of being inadmissible to the United States,

2

including those who are present without admission or parole." Docket No. 1 at 13, ¶ 55.

Because he believes that § 1226 applies, petitioner argues that respondents must

provide him with a bond hearing. *See id.* at 3, ¶ 12. Respondents, however, contend

that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like petitioner who are "present in

the United States without being admitted or paroled." Docket No. 10 at 2. Respondents

claim that petitioner is therefore not entitled to a bond hearing and is subject to

mandatory detention. *Id.*

On six occasions, this Court has analyzed whether § 1225 or § 1226 applies to

petitioners who were detained when already present in the United States without

inspection and who face removal proceedings. *See Hernandez-Redondo v. Bondi*, No.

25-cv-03993-PAB, 2026 WL 290989, at *2 (D. Colo. Feb. 4, 2026); *Armenta* v. *Noem*,

No. 26-cv-00236-PAB, 2026 WL 274634, at *1-5 (D. Colo. Feb. 3, 2026); *Portillo*

*Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *2-5 (D. Colo. Jan. 26,

2026); *Garcia-Perez v. Guadian*, No. 25-cv-04069-PAB, 2026 WL 89613, at *2-4 (D.

Colo. Jan. 13, 2026); *Alfaro Orellana v. Noem*, No. 25-cv-03976-PAB, 2025 WL

3706417, at *2-4 (D. Colo. Dec. 22, 2025); *Florez Marin v. Baltazar*, No. 25-cv-03697-

PAB, 2025 WL 3677019, at *1-4 (D. Colo. Dec. 18, 2025). The Court has ruled that the

petitioner's detention is governed by § 1226. *Id.*

Respondents acknowledge that the Court has previously analyzed this issue,

conceding "the facts of this case are not materially distinguishable . . . for purposes of

the Court's decision on the legal issue of whether Petitioner is subject to mandatory

detention under 8 U.S.C. § 1225(b)(2)." Docket No. 10 at 3. Respondents state that

they submit an abbreviated response "to conserve judicial and party resources and

3

expedite this Court's consideration of this case, while preserving legal arguments and

reserving all of Respondent's rights including the right to appeal." *Id.* at 2.

Respondents note that a decision in this district rejecting respondents' position has

been appealed to the Tenth Circuit. *Id.* at 3 (citing *Mendoza Gutierrez v. Baltasar*, No.

25-cv-02720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025). "Respondents

acknowledge that until the Tenth Circuit rules on this issue, this Court's prior ruling on

this issue would lead the Court to reach the same result here if the Court adheres to

that decision, as the facts of this case are not materially distinguishable from that case

for purposes of the Court's decision on the legal issue of whether Petitioner is subject to

mandatory detention under 8 U.S.C. § 1225(b)(2)." *Id.*.  Respondents incorporate by

reference the legal arguments that respondents presented in *Mendoza Gutierrez*, the

case which was appealed to the Tenth Circuit.[3] *Id.* at 4.

The Court has analyzed the response that was submitted in *Mendoza Gutierrez*.

*See Mendoza Gutierrez*, No. 25-cv-02720-RMR, Docket No. 26 (D. Colo. Sept. 16,

2025).  Not finding any additional relevant arguments that the Court has not already

addressed in its past orders on this issue, the Court will grant the habeas petition for the

same reasons as it did in *Alfaro Orellana*, which respondents acknowledge does not

materially differ from the present case.  Docket No. 10 at 2.  The Court finds that

petitioner's detention is governed by 8 U.S.C. § 1226.  Because there is no evidence

that petitioner has been provided a bond hearing, his current detention violates

---

[3] Respondents specify that they do not consent to issuance of the writ.  Docket No. 10 at 4.

§ 1226(a).  The Court will grant the habeas petition on Count Three[4] and will order respondents to provide petitioner a bond hearing within seven days of the date of this order.[5]

## III.  CONCLUSION

Therefore, it is

**ORDERED** that the Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief [Docket No. 1] is **GRANTED in part**.  It is further

**ORDERED** that respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven days** of the date of this Court's order.  It is further

**ORDERED** that within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED February 13, 2026.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[4] Because the Court will grant the habeas petition on the basis of Count Three, it will not reach petitioner's other claims.  *See Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025) ("the Court declines to adjudicate Petitioner's due process claim on the merits at this time because the Court grants the relief Petitioner seeks based on the applicability of § 1226(a)").

[5] As for petitioner's request for attorney's fees, *see* Docket No. 1 at 17, the Court will not consider the request because petitioner fails to comply with the Local Rules of the District of Colorado.  A motion for attorney's fees must be filed in accordance with D.C.COLO.LCivR 54.3.  *See* D.C.COLO.LCivR 54.3 ("Unless otherwise ordered, a motion for attorney fees shall be supported by affidavit. . . . The Motion shall include . . . for each person for whom fees are claimed: (1) a summary of relevant qualifications and experience; and (2) a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed.").